By the Court:
The rules of pleading require, that special pleas in bar shall contain an answer to the whole declaration. The declaration in this case charges, that the defendant spoke and published the words set out, and avers that they were false and malicious.
*The plea avers that the words were true, but does not confess or deny the speaking of them. A material part of the declaration, therefore, remains unanswered, which could not be decided by any verdict that might be rendered in the case. It is immaterial whether the words be true or false, if the defendant did not speak them, consequently an issue on which that fact alone is to be decided can not settle the merits of the case, as it leaves the principal matter in controversy undetermined.
The ground taken by the defendant, that what is not denied by the plea, is admitted, is correct in many cases. In debt on bond, the plea of payment necessarily admits the making of the bond, because the defendant could not have paid it, unless it existed. So in trespass; a plea that after the trespass committed, the defendant tendered amends, etc., admits the trespass, because he could not tender amends for the trespass after it was done, unless it had been done. But in the case before us there is no allusion to the speaking of the words either in the commencement or close of the plea. It does not begin by all alleging that before the speaking of the words, charged in the declaration, the fact set out in the plea occurred, nor does it close with an admission, that for the cause aforesaid he spoke the woi’ds, as he had a right to do, nor is there any connection between the truth, or falsity of the words, and the fact of speaking them. The jury must find the words either true or false, and in neither case could it be inferred that the defendant did, or did not speak them.
The notice relied on by the defendant is good as far as it goes, but it falls short of the point to which it ought to extend.
Approved precedents are good evidence of what the law is, on points of practice and pleading, and it is always safe to pursue them, as well in form as substance.
We believe that no form of a plea of justification of slanderous words can be found in any approved collection of entries, or precedents, that does not aver the subject matter of the plea to have taken place before the speaking of the words, and that does not *237 also expressly and distinctly confess the speaking. Such are the forms in Lilly, Morgan, Bichardson, and Chitty.
Demurrer sustained.†

NoTE by the Editoe — Proofs, by defendant, under general issue in slander, iii. 270; v. 225; xvi. 88. Plea of justification in slander, unsupported by proof, on trial, aggravates the damages, v. 225.